UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MERCY DAYANARA RODRIGUEZ
AGUILAR,

                    Petitioner,                              Case No. 1:26-cv-573

                                                             Honorable Jane M. Beckering
v.

KEVIN RAYCRAFT et al.,

                    Respondents.

_____/

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently

detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated

this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

(Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### I.    Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of her current

detention following an order issued by the Detroit Immigration Court denying her bond, and asks

the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner

from custody. (Pet., ECF No. 1, PageID.13.)

In an Order entered on February 23, 2026, the Court directed Respondents to show cause,

within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 4.) Respondents filed their response on February 26, 2026

(ECF No. 5), and Petitioner filed her reply on March 2, 2026 (ECF No. 6).

## II.    Relevant Factual Background

Petitioner is a citizen of Honduras who entered the United States in 2023. Op., *Rodriguez Aguilar v. Raycraft* (*Rodriguez Aguilar I*), No. 1:25-cv-1925 (W.D. Mich. Feb. 3, 2026) (ECF No. 9). On January 13, 2026, Petitioner was arrested by ICE agents. *Id.*

On January 16, 2026, Petitioner filed a § 2241 petition challenging her initial detention without a bond hearing in *Rodriguez Aguilar I*. In *Rodriguez Aguilar I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. *Id.*

On February 9, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Immigration Judge Order, ECF No. 1-1, PageID.17.) At the conclusion of that hearing, the immigration judge denied Petitioner bond because Petitioner has "not established she is not a flight risk." (*Id.*)

## III.    Discussion

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch et al.*, No. 1:25-cv-1704 (W.D. Mich. Jan. 21, 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## IV.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

2

**V.    Proper Respondents**

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of all of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025).

To ensure that this Court's orders regarding a hearing or release will bind at least one Respondent with authority to act in the event that Petitioner is transferred out of the Western District of Michigan, the Court will retain the ICE Detroit Field Office Director and the Secretary for the Department of Homeland Security as Respondents. The Court will dismiss United States Department of Homeland Security, the United States Attorney General, and the Executive Office for Immigration Review as Respondents.

## Conclusion

For the reasons discussed above, the Court will enter a Judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order

3

Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial. The Court will further dismiss United States Department of Homeland Security, the United States Attorney General, and the Executive Office for Immigration Review as Respondents.


Dated:      March 5, 2026                              /s/ Jane M. Beckering
                                                       Jane M. Beckering
                                                       United States District Judge